# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE HORSEHEAD HOLDING | : | C.A. No. 16-292-LPS-CJB |
| CORP. SECURITIES LITIGATION | : | Consolidated |
| | : | CLASS ACTION |

## MEMORANDUM ORDER

WHEREAS, on February 14, 2017, Magistrate Judge Burke issued a Memorandum Opinion (D.I. 32) ("Opinion") and Order (D.I. 33) consolidating C.A. No. 16-292-LPS-CJB and C.A. No. 16-369-LPS-CJB, designating the group of Dyson Capital Management Ltd. ("Dyson") and Raymond Cook ("Cook") as Lead Plaintiff, and approving Lead Counsel and Liaison Counsel;

WHEREAS, on February 28, 2017, John and Mary Elizabeth Moring Anacker (the "Anackers") objected to the Opinion (D.I. 35), and specifically objected to Judge Burke's determination that Dyson and Cook are the appropriate Lead Plaintiff, contending that Dyson has not proven that it has standing;

WHEREAS, on March 23, 2017, Lead Plaintiff Dyson and Cook responded to the Anackers' objections (D.I. 41);

WHEREAS, the Court has considered the Opinion and Order for clear errors of law and clearly erroneous findings of fact, *see Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a), and has reviewed discretionary decisions for abuse of discretion, *see Quantum Loyalty Sys. Inc. v. TPG Rewards Inc.*, 2012 WL 1134779, at *1 (D. Del. Apr. 4, 2012);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.        The Anackers' objections (D.I. 35) are OVERRULED and Judge Burke's Opinion (D.I. 32) is ADOPTED.  Judge Burke's Order (D.I. 33) remains undisturbed.

2.        Under the Private Securities Litigation Reform Act ("PSLRA"), the Court exercises its discretion to determine the "most adequate plaintiff" by proceeding in two steps. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 399 (D. Del. 2014). First, the Court identifies the presumptive lead plaintiff, that is the person or group that: (1) "filed the complaint or made a motion" to serve as lead plaintiff; (2) "has the largest financial interest in the relief sought;" and (3) "otherwise satisfies" Federal Rule of Civil Procedure 23.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)-(cc).  Second, the Court determines whether that presumption has been rebutted.  To rebut, "a member of the purported plaintiff class" must provide "proof" that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u–4(a)(3)(B)(iii)(II)(aa)-(bb).

3.        Within this framework, Judge Burke reasonably determined that Cook and Dyson are, together, the presumptive Lead Plaintiff.  Cook and Dyson (1) "filed the requisite motions within the appropriate time frame" (D.I. 32 at 8); (2) together "have the largest financial interest in the suits," as measured under any rubric supplied by the parties (*id.*); and (3) "appear to satisfy the requirements of Rule 23," as they present "claims and legal theories [that] are not 'markedly different' from those advanced by the putative class," "make out a *prima facie* case of adequacy," and do not present concerns as to their ability to fulfill, as a group, the responsibilities of a Lead Plaintiff (*id.* at 10-13).

4.        Judge Burke then reasonably determined that the Anackers did not come forth

with sufficient proof that Cook and Dyson, as presumptive Lead Plaintiff, will not adequately represent the class. Judge Burke found that there was not a manifest conflict between statements Cook and Dyson made in the Horsehead bankruptcy proceedings and allegations made in the complaint here. (*See id.* at 16-18) Judge Burke also found that "there is insufficient evidence that Cook and Dyson have been 'cobbled together'" as a group simply to gain control of the litigation. (*Id.* at 19) Finally, Judge Burke addressed the Anackers' argument that Dyson lacks standing. Judge Burke noted that "at this stage, it is the Anackers' burden, not Dyson's, 'to show that standing will be a legitimate issue' so as to rebut the presumption that Cook and Dyson will be an adequate lead plaintiff." (*Id.* at 22) Judge Burke further found that "the Anackers d[id] not put forward any of their own 'proof' as to what type of entity Dyson is, how it manages its client funds or what relationship it has with Horsehead stock." (*Id.*) While "[a]ll these missing details could end up being important to the standing inquiry," "this lack of sufficient proof against the Anackers" resulted in the Anackers having failed to rebut the presumption that Cook and Dyson are adequate. (*Id.* at 24)

5. The Anackers object to Judge Burke's treatment of standing, contending that "[t]he burden was on Dyson Capital to demonstrate its standing" because "[t]he issue of standing is antecedent to the jurisdiction of federal courts." (D.I. 35 at 1-2) In particular, the Anackers contend that "under established law an investment manager cannot simply claim the financial interests of its clients as its own to demonstrate an injury-in-fact." (*Id.* at 1) The Anackers argue that properly placing the burden on Dyson, an investment manager, would reveal that Dyson cannot establish standing because "none of the materials [of record] . . . provide any indication that Dyson Capital held any beneficial interest in the shares purchased, suffered any injury-in-fact

3

as a result of the stock's price decline, or has the legal authority to sue on behalf of the clients for which it purchased the stock." (*Id.* at 4)

6.     The Court finds no error in Judge Burke's exercise of discretion to appoint Dyson and Cook as Lead Plaintiff under the framework established by the PSLRA.[1] Although Dyson may later be required to affirmatively establish that it has standing, that is not a task for this point in the case. Rather, the issue for now is only to identify the Lead Plaintiff; the PSLRA clearly sets out the structure for that analysis, and Judge Burke followed it. *See OFI*, 63 F. Supp. 3d at 399. Accordingly, Judge Burke appropriately considered the Anackers' standing challenge as rebuttal to the determination that Dyson and Cook are the presumptive Lead Plaintiff under the criteria set forth by the PSLRA – rather than affirmatively requiring Dyson to demonstrate at this point it has standing. *See id.* at 402-03 (addressing standing challenge as rebuttal).

7.     In their objections, the Anackers argue primarily that Dyson failed to establish standing. But, as discussed above, in connection with the Lead Plaintiff inquiry, it is the Anackers' burden to prove the presence of any standing deficiencies or show that the standing question subjects Dyson to unique defenses that render it incapable of adequately representing the class. The Anackers have failed to do so.

8.     Judge Burke considered the Anackers' contention that Dyson does not have

---

[1] The purpose of a lead plaintiff under the PSLRA is "to ensure that securities litigation [i]s investor-driven, as opposed to lawyer-driven." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002) (citing S. Rep. No. 104-98 at 4 (1995)). To accomplish that goal, the lead plaintiff selects and retains counsel to represent the class. *See id.* (citing 15 U.S.C. § 78u–4(a)(3)(B)(v)). "Nowhere is it suggested that the concept of 'lead plaintiff' was intended to be coterminous with 'named plaintiffs' or 'class representatives,'" suggesting, thus, that the lead plaintiff may not need to have standing to sue on all causes of action pursued by class members. *Id.*; *see also In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 378 (S.D.N.Y. 2000).

standing, reasonably found that the Anackers failed to carry their burden, and noted that Dyson submitted some evidence on the issue. Judge Burke acknowledged that there are missing details about Dyson that may ultimately be dispositive; that is, Judge Burke recognized that Dyson may not have standing. Judge Burke considered the Anackers' position and reasonably determined that, despite some uncertainty, Dyson is adequately representative of the class. That the Anackers can point to cases in which other courts weighed these considerations differently to determine that an investor manager, such as Dyson, faced significant enough standing issues to preclude appointment as lead plaintiff does not persuade the Court that Judge Burke abused his discretion in selecting Cook and Dyson. (*See* D.I. 35 at 6-7)

8.      While the Anackers suggest that the issue before the Court implicates jurisdiction (*see, e.g.*, D.I. 35 at 1), the Court disagrees. It is undisputed that Cook has standing (as do other members of the purported class, presumably including the Anackers).

9.      Given the detailed reasoning provided in the Opinion, the Court finds it unnecessary to address the Anackers' objection any further.[2]

November 9, 2017                      HON. LEONARD P. STARK
Wilmington, Delaware              UNITED STATES DISTRICT JUDGE

---

[2]As alternative relief, the Anackers request "limited discovery to determine whether Dyson Capital has standing to represent the class." (D.I. 35 at 2; *see also id.* at 7) As Dyson and Cook point out, this request is untimely. (*See* D.I. 41 at 3 n.2) Furthermore, given the Court's analysis, there is no possibility that the discovery sought would alter the Court's resolution of the Anackers' objections.