## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE HORSEHEAD HOLDING CORP. SECURITIES LITIGATION | C.A. No. 16-292-LPS-CJB<br>Consolidated<br><u>CLASS ACTION</u> |

### **<u>MEMORANDUM ORDER</u>**

WHEREAS, Magistrate Judge Burke issued a 44-page Report and Recommendation ("Report") (D.I. 62), dated October 4, 2018, recommending that the Court deny Defendants James M. Hensler ("Hensler") and Robert D. Scherich's ("Scherich") (collectively, "Defendants") motion to dismiss (D.I. 51) Plaintiffs' Consolidated Class Action Complaint (the "CAC"), filed on April 22, 2016 (D.I. 1);

WHEREAS, on October 18, 2018, Defendants objected to the Report ("Objections") (D.I. 63), specifically objecting to the Report's finding that Plaintiffs sufficiently plead securities fraud claims;

WHEREAS, on November 1, 2018, Plaintiffs responded to Defendants' Objections (D.I. 64) ("Response");

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Objections (D.I. 63) are OVERRULED, Judge Burke's Report (D.I. 62) is ADOPTED, and Defendants' motion to dismiss (D.I. 51) is DENIED.

1. Defendants first object that the Report's "isolates Defendants' five examples of forward-looking statements cited in their Argument and addresses them without reference to the

1

total mix of information reasonably available to investors." (Objections at 2) Specifically, Defendants contend that the Report did not adequately address earnings calls and statements made by Defendants, which they believe were "sufficiently cautionary to qualify for safe harbor protection." (*Id.* at 3) (internal quotation marks omitted) The Court disagrees. Instead, as Plaintiffs put it, the CAC plausibly alleges that "Defendants' purported cautionary statements failed to address Horsehead's known problems and the specific misrepresentations and omissions at issue." (Response at 2)

2. Defendants also object to Judge Burke's characterization of their briefing, including their apparent desire that the Court search through their Statement of Facts, Reply Brief, and appendices to identify the arguments Defendants had an obligation to state clearly in the Argument section of their Opening Brief. (*See, e.g.*, Report at 34-36; Objections at 4-5; Response at 3-4) The Court does not disagree with Judge Burke on these points. Moreover, the Court further agrees with Plaintiffs (*see* Response at 4-5) that even crediting all of the arguments Defendants insist they made, the motion to dismiss should still be denied.

3. Defendants also object that "the Magistrate Judge improperly ignored material omissions in the CAC." (Objections at 5) The Court disagrees. The Report thoroughly addresses "why Defendants statements were materially false and misleading." (Response at 6; *see also* Report at 6, 7-8, 9, 10, 25-32)

4. Lastly, Defendants object that "the Magistrate Judge incorrectly held that Plaintiffs adequately pleaded the scienter requirement for a securities fraud violation." (Objections at 6) As the Report states, "even if there were no allegations in the CAC suggesting that Defendants had a motive to make their allegedly false or misleading statements, that fact would not mandate dismissal." (Report at 43) Further, the Report correctly found that "all of the

facts alleged in the CAC, taken collectively, support a strong inference of scienter." (Response at 9)

March 28, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE