# EXHIBIT 3"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE HORSEHEAD HOLDING CORP. SECURITIES LITIGATION | Civil. Action No. 16-292-LPS-CJB<br><br>Consolidated<br>CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated January 5, 2021 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiffs Dyson Capital Management Ltd. and Raymond Cook (collectively "Lead Plaintiffs"), Additional Plaintiff Ross O. Swimmer (with Lead Plaintiffs, "Class Plaintiffs"), on behalf of themselves and each of the Class Members, by and through their attorneys of record in the above-captioned litigation (the "Litigation"); and (ii) Defendants James M. Hensler and Robert D. Scherich, by and through their attorneys of record in the Litigation. Class Plaintiffs and Defendants are referred to herein as the "Parties" or "Settling Parties." This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.      THE LITIGATION

The Litigation is pending before District Judge Leonard P. Stark and Magistrate Judge Christopher J. Burke in the United States District Court for the District of Delaware (the "Court"). On April 22, 2016, a complaint was filed by plaintiff Javier Soto (the "Soto Action"), commencing the Litigation. [ECF No. 1] On May 18, 2016, a related class action complaint was filed by plaintiff Umesh Jani. *See Jani v. Hensler et al,* Docket No. 1:16-cv-00369 (D. Del. May 18, 2016) (the "Jani Action").  On June 21, 2016, several competing movants, including Lead Plaintiffs, filed motions for appointment of lead plaintiff and lead counsel. [ECF Nos. 10-20] On February 14,

2017, Magistrate Judge Burke appointed Lead Plaintiffs, approved Lead Plaintiffs' choice of Glancy Prongay & Murray LLP as Lead Counsel, and consolidated the related Soto and Jani Actions. [ECF Nos. 32- 33]

On March 31, 2017, Class Plaintiffs filed their consolidated class action complaint ("Consolidated Complaint"). [ECF No. 45] In the Consolidated Complaint, Class Plaintiffs alleged that, during the Class Period, Defendants violated the Securities Exchange Act of 1934 by making material misrepresentations about (1) the existence and magnitude of problems at a zinc refining facility in Mooresboro, North Carolina owned and operated by Horsehead Holding Corp. ("Horsehead"), (2) the ability to reach or exceed "nameplate capacity" at the facility, (3) Horsehead's liquidity problems, and (4) problems concerning a line of credit entered into in June 2015.

On June 12, 2017, Defendants moved to dismiss the Consolidated Complaint. [ECF No. 51] On July 28, 2017, Class Plaintiffs opposed this motion. [ECF No. 56] Defendants filed a reply brief on August 17, 2017. [ECF no. 57] Magistrate Judge Christopher Burke issued a report and recommendation denying Defendants' Motion to Dismiss on October 4, 2018. [ECF No. 62]  Chief Judge Leonard Stark adopted the report and recommendation on March 28, 2019. [ECF No. 65]

Thereafter, the Parties exchanged initial disclosures and commenced fact discovery, the deadline for which expired on September 11, 2020. *See* [ECF Nos. 70 and 142] In the course of fact discovery, (1) the Parties subpoenaed multiple third parties (including former employees of Horsehead, Horsehead's auditors, investment banks, and financiers connected to Horsehead, and parties who had an ownership position in Horsehead post-bankruptcy), (2) both parties prepared and responded to requests for production of documents and interrogatories, (3) over half-a-million pages of documents and a further substantial volume of metadata were produced by both the Parties

2

and third parties, (4) 31 depositions of Parties and third parties were taken, during which approximately 400 exhibits were used, and (5) pursuant to the Hague Evidence Convention and the Court's Order, Class Plaintiffs commenced an action for issuance of Letters Rogatory in Spain in respect to three additional witnesses domiciled in Spain and associated with Tecnicas Reunidas, an engineering firm retained by Horsehead.

On April 9, 2020, Class Plaintiffs moved to certify a class of other similarly situated securities purchasers and sellers. [ECF Nos. 130-32] The deposition of Class Plaintiffs' expert, Dr. Adam Werner, was taken on May 28, 2020. Defendants opposed this motion on July 23, 2020. [ECF Nos. 161-62] The deposition of Defendants' expert, Dr. John Montgomery, was taken on August 14, 2020. Class Plaintiffs filed their reply brief on September 10, 2020. [ECF Nos. 177-78] In connection with Class Plaintiffs' Motion for Class Certification, on June 29, 2020, Defendants filed a Motion to Exclude certain opinions included in the expert report of Class Plaintiff's expert economist, Dr. Adam Werner. [ECF Nos. 155-57] Class Plaintiffs opposed this motion on August 13, 2020. [ECF No. 173] Defendants filed their reply brief on September 14, 2020. [ECF No 180] At the time the Parties entered into the Stipulation, the Court had not ruled on either Class Plaintiffs' Motion for Class Certification or Defendants' Motion to Exclude.

In an effort to resolve the Litigation, the Parties engaged the services of Robert Meyer, an experienced mediator affiliated with JAMS, an organization which provides alternative dispute resolution services including mediation. The Parties each prepared and exchanged detailed mediation statements and engaged in a full-day mediation session with Mr. Meyer on June 24, 2020. No settlement was reached at that time. After several more months of continued litigation, the Parties prepared and exchanged supplemental mediation statements and engaged in a second full-day mediation session with Mr. Meyer on October 14, 2020. This second session culminated

with Mr. Meyer making a mediator's proposal. On October 15, 2020, the Parties accepted the mediator's proposal, agreeing to settle the Litigation for fourteen million seven hundred and fifty thousand dollars ($14,750,000), subject to the terms of a Stipulation of Settlement and approval by the Court.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the Securities Exchange Act of 1934 or any other federal securities law. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Class Plaintiffs in the Litigation, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied, and continue to deny, among other things, the allegations that they made any material misstatements or omissions; that any Member of the Class has suffered any damages by reason of any alleged misrepresentations, omissions, or otherwise; or that the Members of the Settlement Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation to eliminate the burden, expense, and uncertainties of further litigation.

## III.   CLASS PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims. However, Class Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to

4

prosecute the Litigation against Defendants through trial and any appeals. Class Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Class Plaintiffs and their counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Class Plaintiffs and their counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Class Plaintiffs and their counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Plaintiffs and the Settlement Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Class Plaintiffs (for themselves and the Class Members) and Defendants, by and through their counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.   Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1   "Action" or "Litigation" means the action captioned *In re Horsehead Holding Corp. Securities Litigation*, Civil. Action No. 16-292-LPS-CJB, pending in the United States District Court for the District of Delaware.

5

1.2    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.3    "Claim" means a Proof of Claim form submitted to the Claims Administrator.

1.4    "Claims Administrator" means the firm of Strategic Claims Services.

1.5    "Class" or "Settlement Class" means all persons or entities who purchased or otherwise acquired, during the Class Period, Horsehead Securities. Excluded from the Settlement Class are Defendants, their affiliates, any members of Defendants' immediate families, any entity in which Defendants or a member of their immediate family has controlling interest, and the heirs, successors, and assigns of any excluded party. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

1.6    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.7    "Class Member" or "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth in ¶ 1.5 above.

1.8    "Class Plaintiffs" means Lead Plaintiffs and Additional Plaintiff Ross O. Swimmer.

1.9    "Class Period" means the period between February 25, 2014 and February 2, 2016, inclusive.

1.10   "Defendants" means James M. Hensler and Robert D. Scherich.

1.11   "Defendants' Counsel" means Buchanan Ingersoll & Rooney PC.

1.12   "Effective Date," or the date upon which this Settlement becomes "effective," means the date on which all of the events and conditions specified in ¶ 8.1 of the Stipulation have been met and have occurred.

1.13    "Escrow Agent" means Huntington Bank or its successor(s).

1.14    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

1.15    "Excluded Claims" means: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

1.16    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order or Judgment becomes final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either: (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to attorneys' fees and expenses, the Plan of Allocation, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.17    "Horsehead" means Horsehead Holding Corp.

1.18    "Horsehead Securities" means common stock, CUSIP #440694305; 3.8% convertible senior notes, CUSIP #440694AB3 ("AB3"); 10.50% senior secured notes, CUSIPs #440694AC1 ("AC1"), #440694AE7 ("AE7") and #440694AF4 ("AF4"); and 9% senior unsecured notes, CUSIP # 440694AG2 ("AG2").

1.19    "Judgment" means the Order and Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.20    "Lead Counsel" means Glancy Prongay & Murray LLP.

1.21    "Lead Plaintiffs" means Dyson Capital Management Ltd. and Raymond Cook.

1.22    "Litigation" means the above-captioned litigation.

1.23    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiffs' Counsel and Class Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

1.24    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees and expenses, and interest thereon, and any award to Class Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in connection with their representation of the Class; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) other Court-approved deductions.

1.25    "Notice" or "Long Form Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be posted on the Settlement website.

1.26    "Notice and Administration Expenses" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

1.27    "Parties" means Class Plaintiffs and Defendants collectively.

1.28    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof,, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.29    "Plaintiffs' Counsel" means any attorney or firm that has appeared in the Litigation on behalf of Class Plaintiffs or the Settlement Class.

1.30    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.31    "Postcard Notice" means the short form notice describing the pendency of class action and proposed Settlement and informing Class Members of the Settlement Fairness Hearing and the request for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-4, which is to be mailed to Class Members.

1.32    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.33    "Related Parties" means each of Defendants' respective heirs, spouses, executors, trustees, personal or legal representatives, estates, administrators, predecessors, successors, or assigns, or any member of their immediate families, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors.

1.34    "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, ordinance, administrative provision, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both: (i) the purchase or acquisition of the securities that are the subject of this Litigation; and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Class Plaintiffs in the Litigation. For avoidance of doubt, this release will apply to all defendants named in any complaint filed in the Litigation, or in any actions consolidated with the Litigation, whether or not they are named as defendants in the Consolidated Amended Complaint, and their Related Parties (*i.e.*, their directors, officers, employees, parents, subsidiaries, agents, assigns, insurers, partners, predecessors, successors, and counsel). "Released Claims" does not include claims to enforce the Settlement. "Released Claims"

includes "Unknown Claims" as defined in ¶ 1.42 hereof. Notwithstanding the foregoing, this release does not include any claims relating to the enforcement of the Settlement or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

1.35   "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.36   "Released Persons" means the Defendants and their Related Parties. "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.37   "Settlement Amount" means Fourteen Million Seven Hundred And Fifty Thousand Dollars ($14,750,000.00) in cash to be paid by check or wire transfer to the Escrow Agent pursuant to ¶ 3.1 of this Stipulation.

1.38   "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto, and which may be reduced by payments or deductions as provided for herein and approved by Court order. Such amount is paid as consideration for the full and complete settlement of all the Released Claims.

1.39    "Settling Parties" means, collectively, Defendants and Class Plaintiffs, on behalf of themselves and the Settlement Class.

1.40    "Summary Notice" means the short form notice to be disseminated on the Internet via Globe Newswire, and shall be substantially in the form attached hereto as Exhibit A-3.

1.41    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.42    "Unknown Claims" means any and all Released Claims which Class Plaintiffs, Plaintiffs' Counsel, or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Class Plaintiffs, Plaintiffs' Counsel, or any Class Members, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel, or Class Members, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel, or Class Members. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time**

**of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, principle of common law, or any provision of foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

2.     **CAFA Notice**

2.1     Pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, Defendants, at their own

13

cost, shall serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA.

**3.     The Settlement**

   **a.     The Settlement Amount**

3.1     In full settlement of the claims asserted in the Litigation against Defendants and in consideration of the releases specified in ¶ 5 herein, Defendants shall be solely responsible for depositing and shall deposit the Settlement Amount into an interest-bearing escrow account ("Escrow Account") controlled by the Escrow Agent on or before thirty (30) calendar days after entry of the Preliminary Approval Order, as defined in ¶ 4.1 herein.

3.2     The Settlement Amount shall be paid entirely by or on behalf of Defendants.

3.3     If the entire Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) calendar days after Lead Counsel has provided such written notice.

3.4     Other than the obligation to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶ 3.1 herein, Defendants shall not have any obligation to make any other payment into the Settlement Fund pursuant to this Stipulation and shall have no responsibility or liability with respect to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision, allocation, or distribution of any portion of the Settlement Amount.

b.    **The Escrow Agent**

3.5    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶ 3.1 hereof in United States Agency or Treasury Securities or other instruments backed by the full faith & credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

3.6    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

3.7    Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent or any transaction executed by the Escrow Agent.

3.8    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

3.9    Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing Court-approved notice of the Settlement to the Settlement Class by mail, publication, and other means, locating Class Members, assisting with the submission of claims, processing Proof of

15

Claim and Release forms, administering the Settlement, and paying escrow fees and costs, if any ("Notice and Administration Expenses"). The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

### c.   Taxes

3.10   (a)   The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 3.10, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the elections described in ¶ 3.10(a) hereof) shall be consistent with this ¶ 3.10 and in all events shall reflect that all Taxes (including any

16

estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 3.10(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 3.10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 3.10) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 3.10.

3.11    This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

### d.    Termination of Settlement

3.12    In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated or canceled, or the Effective Date otherwise fails to occur for any reason, the Settlement Fund less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶ 3.9 and 3.10 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶ 8.4 herein.

### 4.    Preliminary Approval Order and Settlement Hearing

4.1    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation and approval for the mailing of a short form notice on a postcard with instructions on where to obtain further information ("Postcard Notice"), Internet posting of a settlement notice (the "Notice"), and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1, A-3 and A-4 attached hereto. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶ 7.1 hereof, and the date of the Settlement Hearing as defined below.

4.2    It shall be solely Lead Counsel's responsibility to disseminate Postcard Notice, the Notice, and Summary Notice to the Settlement Class in accordance with this Stipulation and as

ordered by the Court. Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

4.3     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5.     Releases**

5.1     Upon the Effective Date, as defined in ¶ 1.12 hereof, Class Plaintiffs shall, and each of the Class Members and their predecessors, successors, agents, representatives, attorneys, affiliates and the heirs, executors, administrators, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. Claims to enforce the terms of this Stipulation are not released. This release shall not apply to any Excluded Claim.

5.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.3     Upon the Effective Date, all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting the Released Claims against any of the Released Persons.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Class Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel. Claims to enforce the terms of this Stipulation are not released.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiffs' Counsel (the "Fee and Expense Award"), and, pursuant to the PSLRA, any award to Class Plaintiffs in connection with their representation of the Settlement Class, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

6.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

6.4     Within seven calendar days before the Settlement Hearing, or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release. Settlement Class Members who submit a completed Proof of Claim and Release through a means which do not require a signed receipt by the Claims Administrator shall bear the risk that the Proof of Claim and Release is not received by the Claims Administrator.

6.5     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Class Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

6.6     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed.

6.7     Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims

21

Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify in a timely fashion and in writing all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶ 6.8 below.

6.8    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶ 6.7 above, or within ten (10) calendar days if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

6.9    Each claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.

6.10    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

6.11    Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the allocation or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Defendants or their Related Parties (including, without limitation, attorneys for Defendants) with respect to the matters set forth in ¶¶ 6.1-6.13 hereof; and the Class Members, Class Plaintiffs, and Lead Counsel release Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment, allocation, or distribution of the Settlement Fund.

6.12    No Person shall have any claim against Defendants or their Related Parties (including, without limitation, attorneys for Defendants), Class Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any orders entered pursuant to the Stipulation.

### 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees and Litigation Expenses; plus (b) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Lead Counsel reserves the right to make additional applications for attorneys' fees and expenses incurred. In addition, Class Plaintiffs may submit an application for an amount in connection with their representation of the Settlement Class pursuant to the Private Securities Litigation Reform Act of 1995.

7.2    The fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

7.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel and such other Plaintiffs' Counsel who have received any portion of the Fee and Expense Award shall, within fifteen (15) calendar days from receiving notice from a court of appropriate jurisdiction, refund to the Settlement Fund all such attorneys' fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination. Any refunds required pursuant to ¶ 7.3 shall be the several obligation of Lead Counsel and Plaintiffs' Counsel that received attorneys' fees and expenses to make appropriate refunds or repayments to the Settlement Fund. Each such Lead Counsel and Plaintiffs' Counsel receiving attorneys' fees and expenses, as a condition of receiving such attorneys' fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

7.4     Any attorneys' fees and expenses, and any award to Class Plaintiffs awarded by the Court, shall be paid solely from the Settlement Fund. With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶ 3.1, Defendants and their Related Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and expenses (including Taxes) to Lead Counsel, or any other counsel or Person who receives payment from the Net Settlement Fund.

7.5     Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto of any Fee and Expense Award that the Court may make in the Litigation.

7.6     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**8.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)     the Parties have executed the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Court has entered the Preliminary Approval Order, as required by ¶ 4.1 hereof;

(c)     the Settlement Amount has been deposited into the Escrow Account;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, that, *inter alia*, dismisses with prejudice the Litigation; and

(e)     the Judgment has become Final, as defined in ¶ 1.16 hereof.

8.2     Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If the conditions specified in ¶ 8.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶ 8.4, 8.5 and 8.6 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

26

8.3     Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' Counsel by Lead Counsel within the sooner of three (3) calendar days of Lead Counsel's receipt or seven (7) calendar days prior to the Settlement Hearing.

8.4     Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, within fifteen (15) calendar days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund, less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶ 3.9 or 3.10 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶ 3.9 or 3.10 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund in proportion to their respective contribution. Such refunds shall be pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons in the same manner as the Settlement Fund described in this ¶ 8.4. Such payments shall be pursuant to written instructions from Defendants' Counsel.

8.5     In the event that this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of October 15, 2020. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.1-1.32, 3.4, 3.6-3.12, 7.3, 8.5-8.6, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any

27

judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

8.6     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶ 3.9 or 3.10. In addition, any amounts already incurred pursuant to ¶¶ 3.9 or 3.10 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶ 3.12 and 8.4 hereof.

### 9.     Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties

28

reserve their right to rebut, in a manner consistent with their agreement in this Stipulation, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3    Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of or a basis for the validity of any Released Claim or of any wrongdoing or liability of Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, evidence of or basis for any fault or omission of Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been

made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own fees and costs. Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Class Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

9.8     Class Plaintiffs and Lead Counsel represent and warrant that none of the Class Plaintiffs' claims or causes of action that were asserted or that could have been asserted in this Litigation or in this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.9     Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.10    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or pdf'd via e-mail shall be deemed originals.

9.11    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) calendar day after being sent to the recipient by reputable overnight courier service (charges prepaid) or by email; or (iii) seven (7) calendar days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Class Plaintiffs or to Lead Counsel:*

GLANCY PRONGAY & MURRAY LLP
Gregory B. Linkh
230 Park Avenue, Suite 530
New York, NY 10169

*If to Defendants' Counsel:*

BUCHANAN INGERSOLL & ROONEY PC
Stanley Yorsz
Gretchen L. Jankowski
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413

9.12    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.14    Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.15    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Delaware, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of Delaware without giving effect to its choice-of-law principles.

31

9.16    The headings to the Sections of this Stipulation are inserted for convenience of reference only, shall not be deemed to be a part of this Stipulation for any purpose and shall not in any way define or affect the meaning, construction, or scope of any of the provisions hereof.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated January 5, 2021.


**FOX ROTHSCHILD LLP**

/s/ Sidney S. Liebesman
Sidney S. Liebesman (No. 3702)
Wali W. Rushdan II (No. 5796)
919 N. Market Street, Suite 300
Wilmington, Delaware 19801
Telephone: 302-654-7444
sliebesman@foxrothschild.com
wrushdan@foxrothschild.com

**Liaison Counsel for Class Plaintiffs**

GLANCY PRONGAY & MURRAY LLP
Brian P. Murray (admitted *pro hac vice*)
Gregory Linkh (admitted *pro hac vice*)
230 Park Avenue, Suite 530
New York, New York 10169
Telephone:  212-682-5340
bmurray@glancylaw.com
glinkh@glancylaw.com

**Lead Counsel for Class Plaintiffs**

KRANENBURG
Werner R. Kranenburg (admitted *pro hac vice*)
80-83 Long Lane
London EC1A9ET
United Kingdom
Telephone: +44-20-3174-0365
werner@kranenburgesq.com

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Geoffrey Graham Grivner
Geoffrey Graham Grivner (No. 4711)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: 302.552.4207
geoffrey.grivner@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Stanley Yorsz (admitted *pro hac vice*)
Gretchen L. Jankowski (admitted *pro hac vice*)
Kyle D. Black (admitted *pro hac vice*)
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Telephone: 412.562.8800
stanley.yorsz@bipc.com
gretchen.jankowski@bipc.com
kyle.black@bipc.com

**Attorneys for Defendants**

THE WAGNER FIRM
Avi Wagner (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 491-7949
avi@thewagnerfirm.com

**Counsel for Class Plaintiffs**

# EXHIBIT C"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE HORSEHEAD HOLDING CORP. SECURITIES LITIGATION | Civil. Action No. 16-292-LPS-CJB<br><br>Consolidated<br>CLASS ACTION |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, (i) Lead Plaintiffs Dyson Capital Management Ltd. and Raymond Cook (collectively "Lead Plaintiffs"), Additional Plaintiff  Ross O. Swimmer (with Lead Plaintiffs, "Class Plaintiffs"), on behalf of themselves and each of the Settlement Class Members, by and through their attorneys of record in the Litigation; and (ii) Defendants James M. Hensler and Robert D. Scherich, have agreed to settlement of all claims asserted in the above-captioned action (the "Action");

WHEREAS, that Settlement was entered into through a Stipulation and Agreement of Settlement, dated January 5, 2021 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Consolidated Amended Complaint filed in the Action on the merits and with prejudice; and

WHEREAS, this Court having read and considered the Stipulation, the proposed Notice, the proposed Summary Notice, proposed Postcard Notice, the proposed Proof of Claim and Release, and the proposed Final Judgment, and finding that substantial and sufficient grounds exist for entering this Preliminary Approval Order:

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 20__, that:

1.      All capitalized terms used herein shall have the same meaning as in the Stipulation.

2.       Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, claims in the Action against the Defendants are hereby preliminarily certified as a class action on behalf of all persons or entities who purchased or otherwise acquired the securities of Horsehead Holding Corp. ("Horsehead") from February 25, 2014 through February 2, 2016, inclusive, and were purportedly damaged thereby. Excluded from the Settlement Class are Defendants, their affiliates, any members of Defendants' immediate families, any entity in which Defendants or a member of their immediate family has controlling interest, and the heirs, successors and assigns of any excluded party. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.      This Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Class Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Class Plaintiffs are certified as the class representatives on behalf

of the Settlement Class and the Lead Counsel previously selected by Class Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class.

6.     A hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Settlement Hearing") is hereby scheduled to be held before this Court on _____, 2021, at _____ .m. for the following purposes:

(a)     to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for purposes of settlement;

(b)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court;

(c)     to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing all claims in the Consolidated Complaint against all of the Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Defendants' Released Parties, as set forth in the Stipulation, should be ordered;

(d)     to determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved by this Court;

(e)     to consider the application of Lead Counsel for an award of attorneys' fees and expenses and reimbursement awards to Class Plaintiffs; and

(f)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Judgment approving the Stipulation and dismissing the claims in the Consolidated Complaint as

to the Defendants, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or reimbursement awards to Lead Counsel and Class Plaintiffs.

8.      The Court approves the form, substance, and requirements of: (a) the Notice, (b) the Summary Notice, (c) the Postcard Notice, and d) the Proof of Claim and Release.

9.      Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the members of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement of Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     The Court approves the appointment of Strategic Claims Services as the Claims Administrator, and approves the payment of reasonable administration costs to the Claims Administrator from the proceeds of the Settlement, not to exceed $500,000 without further Court order.

11.     Within 20 calendar days of entry of this Order, the Claims Administrator shall:

(a)      cause to be mailed, to all Persons who purchased Horsehead securities during the Class Period, a Postcard Notice substantially in the form submitted as Exhibit 4 hereto. Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Horsehead securities during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within seven (7) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within seven (7) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice

and email the Summary Notice in electronic format to each beneficial owner for whom they are nominee or custodian within seven (7) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a Summary Notice electronically. Nominees or custodians who elect to email the Summary Notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for providing notice, up to $0.05 per name, address, and email address provided to the Claims Administrator; up to $0.05 per unit, plus postage at the rate used by the Claims Administrator, per Postcard Notice actually mailed; or up to $0.05 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement; and

(b)     cause the Notice and Proof of Claim, substantially in the form submitted as Exhibits 1 and 2 hereto, to be posted on the Claims Administrator's website; and

(c)     cause the Summary Notice, substantially in the form submitted as Exhibit 3 hereto, to be published once over GLOBE NEWSWIRE.

12.     At or before the Settlement Hearing, Lead Counsel shall file with this Court, and

serve upon counsel for the Defendants, an affidavit(s) describing the Claims Administrator's efforts to provide notice to Settlement Class Members and compliance with the specific requirements set forth above. Further, Lead Counsel shall file with this Court, and serve upon counsel for the Defendants, proof of publication of the Summary Notice.

13.     The form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitutes the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14.     To share in the net proceeds of the Settlement in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly executed Proof of Claim and Release, substantially in the form submitted as Exhibit 3 to the Stipulation, shall be submitted, by first class mail, postage prepaid, postmarked no later than _____, 2021, to the Post Office Box address listed in the Notice. Such deadline may be further extended by Order of this Court. Each Proof of Claim and Release shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail) provided it is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement

6

Fund. Any Proof of Claim and Release submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim and Release submitted by the Settlement Class Member must: (i) be fully and properly completed, without any material deletions or modifications of any form provided to the Settlement Class Member; (ii) state, for the Settlement Class Member, all purchases of Horsehead Securities during the Class Period, including the number and price of the Horsehead Securities  purchased and the date of each purchase, the number and price of Horsehead Securities  sold during the Class Period; (iii) be accompanied by adequate documentation to demonstrate the transaction(s) reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iv) be executed under penalty of perjury; and (v) be accompanied, if the person executing the Proof of Claim and Release is acting in a representative capacity, by a certification of the executor's current authority to act on behalf of the Settlement Class Member.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Allocation, whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.

(d)     As part of the Proof of Claim, each Settlement Class Member shall submit

to the jurisdiction of the Court with respect to the claim submitted.

15.     Settlement Class Members shall be bound by all determinations and judgments in the Action, whether or not they submit a valid and timely Proof of Claim and Release and are thereby entitled to share in the net proceeds of the Settlement, unless such Person(s) request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided:

(a)     A person eligible to be a Settlement Class Member, but who wishes to be excluded from the Settlement Class, may request exclusion by mailing the request in written form, by first class mail, postage prepaid, postmarked no later than 21 calendar days prior to the Settlement Hearing, to the Post Office Box address listed in the Notice. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until two (2) calendar days prior to the date of the Settlement Hearing and receive payments pursuant to this Settlement Stipulation and Settlement provided the Settlement Class Member also timely submits a valid Proof of Claim;

(b)     The request for exclusion shall clearly indicate the name and address of the person seeking exclusion and that the sender specifically requests to be excluded from the Settlement Class;

(c) The request for exclusion shall be executed, under penalty of perjury, by the person requesting exclusion from the Settlement Class, and accompanied, if said person is acting in a representative capacity, by a certification of the person's current authority to act on behalf of the person requesting exclusion from the Settlement Class;

(d)     The request for exclusion shall state, for the Settlement Class Member, all purchases of Horsehead Securities during the Class Period, including the number and price of the Horsehead Securities  purchased and the date of each purchase, the number and price

8

of the Horsehead Securities  sold during the Class Period and the date of each sale; and

   (e)  It is also requested that such persons provide their telephone number or other contact information.

The request for exclusion shall not be effective unless the potential Settlement Class Member provides the required information set forth in this ¶ 15, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

   16.  Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Settlement as described in the Notice.

   17.  The Court will consider objections by a Settlement Class Member to the Settlement, the Plan of Allocation, the request by Lead Counsel for an award of attorneys' fees and expenses, and any request by Class Plaintiffs for a reimbursement award, *only* if the Settlement Class Member has timely submitted a complete, executed Proof of Claim and Release, including all documentation required by ¶ 14 of this Order. Objections by Settlement Class Members or any other authorized person or governmental entities shall be submitted in accordance with the following procedures:

   (a)  Objections must be served on Lead Counsel and Defendants' Counsel and filed with the Court by no later than seven (7) calendar days before the Settlement Hearing, at the addresses provided below, and must contain a statement of objection(s); provided however, that a potential Settlement Class Member who requests to be excluded from the Class shall not be able to submit an objection;

   (b)  Objections must state whether the objector is a Settlement Class Member; which part of the Settlement the Settlement Class Member objects to; the specific reason(s), if any, for each such objection, including any legal support the Settlement Class Member

wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection;

(c)     Objectors need not attend the Settlement Hearing to have their objections considered by the Court. If the Objector intends to appear at the Settlement Hearing, the Objector must provide, in the written Objection, notification of his or her intent to appear;

(d)     Objections must identify any witnesses the objector intends to call to testify at the Settlement Hearing, and any exhibits the objector intends to introduce into evidence at the Settlement Hearing; and

(e)     Objections must include a signed statement that the documents filed with the Clerk of Court were served, on or before the date of filing, by first class mail, postage prepaid, on each of the following:

Clerk of the Court
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N King Street
Wilmington, DE 19801


Stanley Yorsz
Gretchen L. Jankowski
Buchanan Ingersoll & Rooney PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219

*Counsel for Defendants*


Gregory B. Linkh
Glancy Prongay & Murray LLP
230 Park Avenue, Suite 530
New York, NY 10169

*Counsel for Class Plaintiffs*

Settlement Class Members who do not object to the Settlement, the Plan of Allocation, the potential request by Lead Counsel for an award of attorneys' fees and expenses, or the potential request by Class Plaintiffs for an award of fees, or who merely wish to submit comments as opposed to objections to the same, do not need to appear at the Settlement Hearing.

18.     Any objector, whether a Settlement Class Member or any other authorized person or governmental entity, who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Plan of Allocation, the request by Lead Counsel for an award of attorneys' fees and expenses, or any request by Class Plaintiffs for reimbursement awards.

19.     The Court reserves the right to continue or adjourn the Settlement Hearing without any further notice other than an announcement prior to or at the Settlement Hearing, and to approve the Settlement without further notice to the Settlement Class.

20.     All papers in support of the Settlement, the Plan of Allocation, the request by Lead Counsel for an award of attorneys' fees and expenses, and any request by Class Plaintiffs for reimbursement awards shall be filed and served thirty-five (35) calendar days before the Settlement Hearing. Supplemental papers, including, but not limited to, a response to an objection or the information described in ¶ 12 above, shall be filed and served by Lead Counsel seven (7) calendar days before the Settlement Hearing.

21.     The Defendants shall have no responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the

11

Settlement.

22.     Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Plaintiffs or any Settlement Class Members have suffered any damages, harm, or loss.

23.     In the event that the Settlement shall not be consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any party, and each party shall be restored to his, her, or its respective position as it existed prior to the date of the Settlement.

24.     The District Court retains jurisdiction over the Action to consider matters arising out of, or connected with, the Settlement.

SO ORDERED:

Dated: _____, 2021


_____
U.S.D.J.

# EXHIBIT C/3"

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE HORSEHEAD HOLDING CORP. SECURITIES LITIGATION | Civil. Action No. 16-292-LPS-CJB<br><br>Consolidated<br>CLASS ACTION |

**[PROPOSED] NOTICE OF PENDENCY AND
PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE SECURITIES ("HORSEHEAD SECURITIES") OF HORSEHEAD HOLDING CORPORATION ("HORSEHEAD") BETWEEN FEBRUARY 25, 2014 AND FEBRUARY 2, 2016, INCLUSIVE (THE "CLASS PERIOD"). HORSEHEAD SECURITIES INCLUDE COMMON STOCK, CUSIP #440694305; 3.8% CONVERTIBLE SENIOR NOTES, CUSIP #440694AB3 ("AB3"); 10.50% SENIOR SECURED NOTES, CUSIP #s 440694AC1 ("AC1"), 440694AE7 ("AE7") and 440694AF4 ("AF4"); AND 9% SENIOR UNSECURED NOTES, CUSIP # 440694AG2 ("AG2").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED (IF MAILED) OR RECEIVED (IF SUBMITTED ONLINE) ON OR BEFORE _____, 2021**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Delaware (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") among Lead Plaintiffs Dyson Capital Management Ltd. and Raymond Cook (collectively "Lead Plaintiffs"), Additional Plaintiff Ross O. Swimmer (collectively with Lead Plaintiffs, "Class Plaintiffs"), and Defendants James M. Hensler and Robert D. Scherich (collectively, "Defendants"); (ii) the proposed $14.75 million settlement reached therein (the "Settlement"); and (iii) the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (which may include

Class Plaintiffs' request for an amount in connection with their representation of the Settlement Class). This Notice describes what steps you may take in relation to these matters.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court about the truth of the allegations in the Litigation or the merits of the claims or defenses asserted by or against Defendants. This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim must be postmarked (if mailed) or received (if submitted online) on or before _____, 2021**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against Defendants or any other Released Persons related to the legal claims being resolved by this Settlement. **Exclusions must be postmarked on or before _____, 2021**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses to Lead Counsel or Class Plaintiffs. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel for the Settling Parties on or before _____, 2021**. |
| **GO TO THE HEARING ON _____, 2021** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel for the Settling Parties on or before _____, 2021**. |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated January 5, 2021 (the "Stipulation"), which is available on the website www.horseheadlitigation.com.

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $14.75 million settlement fund has been established (the "Settlement Amount"). The Settlement Amount and any interest earned thereon is the "Settlement Fund." Based on Class Plaintiffs' estimate of the number of outstanding Horsehead Securities during the Class Period (totaling 54 million, including both (1) common stock and (2) notes in denomination of $1,000), the average distribution per outstanding Horsehead Security under the Plan of Allocation is roughly $0.27, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and allowable attorneys' fees and expenses as determined by the Court. If the maximum amounts are requested and the Court approves Lead Counsel's fee and expense application, the estimated average amount of fees and expenses will be approximately $0.10 per outstanding Horsehead Security. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Litigation. Defendants deny that they are liable to the Settlement Class and deny that the Settlement Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of the securities purchased during the Class Period were allegedly artificially inflated (if at all) at the time of purchase; (4) the effect of various market forces on the price of those securities during the Class Period; (5) the extent to which external factors influenced the price of those securities during the Class Period; (6) the extent to which the various matters that Class Plaintiffs alleged were materially false or misleading influenced (if at all) the price of those securities during the Class Period; and (7) the extent to which the various allegedly adverse material facts that Class Plaintiffs alleged were omitted influenced (if at all) the price of those securities during the Class Period.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Class Plaintiffs and the Members of the Settlement Class, nor have they been paid for their litigation expenses. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Amount and expenses not to exceed $400,000, plus interest earned on the awarded amounts at the same rate as

earned by the Settlement Fund. Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation with no expectation of payment unless they were successful in obtaining a recovery for the Settlement Class. These fees and expenses, if awarded by the Court at the maximum amounts identified in this paragraph, amount to an average cost of approximately $0.10 per outstanding Horsehead Security during the Class Period, depending on when in the Class Period the Horsehead Securities were purchased and/or sold. The average cost per outstanding Horsehead Security will vary depending on the number of acceptable Proofs of Claim submitted. In addition, Class Plaintiffs have expended considerable time and resources in leading the prosecution of this Litigation since their appointment by the Court. Accordingly, as part of Lead Counsel's application for an award of fees and expenses, the three Class Plaintiffs may seek an award of $10,000 each.

**Reasons for the Settlement**

Class Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and additional appeals, a process that could last several years. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever in connection with this matter, the principal reason for entering into the Settlement is to eliminate the uncertainty, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.

For, example, issues of class certification have been strongly contested by Defendants. Similarly, were a class certified, Defendants would likely challenge Plaintiffs' claims at summary judgment and again at trial. In this complex securities litigation that relates to zinc engineering processes, liquidity, and the terms of a credit facility, there is a risk that a jury would not understand Plaintiffs' theories of the case. This is compounded by the fact that Plaintiffs would be forced to tell their story to the jury largely through documents and adverse witnesses. Conversely, Defendants would be able to obtain testimony from Defendants themselves, as well as many other witnesses who still work at American Zinc Recycling Corp, and these witnesses might try to provide explanations of the issues raised in these documents.

Similarly, Lead Plaintiffs faced substantial risks to establishing causation and damages. Defendants would have argued, as they have at class certification and in a separately filed motion to exclude, that the Horsehead notes should be excluded in their entirety because, among other things, they were thinly traded and there is a lack of data demonstrating causation. Accordingly, there is a chance that (1) the notes would be excluded from the class at the class certification stage, or (2) the jury would not award any damages to noteholders. Furthermore, Defendants would argue that Plaintiffs' damages theory as to common stockholders is flawed. While Plaintiffs have identified up to seven alleged corrective disclosure dates (depending on the type of Horsehead Security), Defendants would argue, among other things, that (1) the price drops for several or all of those dates were not statistically significant, and (2) some or all of the drops on those dates were due to issues other than Defendants' alleged fraud. Accordingly, there is a significant likelihood that, even if Plaintiffs prevailed on liability, it would be a pyrrhic victory, because the jury would find that the alleged misstatements resulted in minimal or no damage to the class.

- 4 -

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-274-4004, or visit the website www.horseheadlitigation.com.

You may also contact a representative of counsel for the Class: Gregory B. Linkh, Glancy Prongay & Murray LLP, 230 Park Avenue, Suite 530, New York, New York 10169, Tel: (212) 682-5340, www.glancylaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

## BASIC INFORMATION

| **1.      Why did I get this Notice package?** |
| --- |

This Notice was sent to you pursuant to an order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or acquired Horsehead Securities during the Class Period.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Delaware, and the case is known as *In re Horsehead Holding Corp. Securities Litigation*, Civil Action No. 16-292-LPS-CJB. The case has been assigned to District Judge Leonard P. Stark and Magistrate Judge Christopher J. Burke. The plaintiffs representing the Settlement Class are the "Class Plaintiffs," and the persons and entities they sued are called Defendants.

| **2.      What is this lawsuit about?** |
| --- |

The Litigation is pending before District Judge Leonard P. Stark and Magistrate Judge Christopher J. Burke in the United States District Court for the District of Delaware (the "Court"). On April 22, 2016, a complaint was filed by plaintiff Javier Soto (the "Soto Action"), commencing the Litigation. [ECF No. 1] On May 18, 2016, a related class action complaint was filed by plaintiff Umesh Jani. *See Jani v. Hensler et al,* Docket No. 1:16-cv-00369 (D. Del. May 18, 2016) (the "Jani Action"). On June 21, 2016, several competing movants, including Lead Plaintiffs, filed motions for appointment of lead plaintiff and lead counsel. [ECF Nos. 10-20] On February 14, 2017, Magistrate Judge Burke appointed Lead Plaintiffs, approved Lead Plaintiffs' choice of Glancy Prongay & Murray LLP as Lead Counsel, and consolidated the related Soto and Jani Actions.

On March 31, 2017, Class Plaintiffs filed their consolidated class action complaint ("Consolidated Complaint"). In the Consolidated Complaint, Class Plaintiffs alleged that, during the Class Period, Defendants violated the Securities Exchange Act of 1934 by making material misrepresentations about (1) the existence and magnitude of problems at a zinc refining facility in Mooresboro, North Carolina owned and operated by Horsehead, (2) the ability to reach or exceed "nameplate capacity" at the facility, (3) Horsehead's liquidity problems, and (4) problems concerning a line of credit entered into in June 2015.

On June 12, 2017, Defendants moved to dismiss the Consolidated Complaint. [ECF No. 51] On July 28, 2017, Class Plaintiffs opposed this motion. Defendants filed a reply brief on August 17, 2017. [ECF No. 57] Magistrate Judge Christopher Burke issued a report and recommendation denying Defendants' Motion to Dismiss on October 4, 2018. Chief Judge Leonard Stark adopted the report and recommendation on March 28, 2019.

Thereafter, the Parties exchanged initial disclosures and commenced fact discovery, the deadline for which expired on September 11, 2020. In the course of fact discovery, (1) the Parties subpoenaed multiple third parties (including former employees of Horsehead, Horsehead's auditors, investment banks, and financiers connected to Horsehead, and parties who had an ownership position in Horsehead post-bankruptcy), (2) both parties prepared and responded to requests for production of documents and interrogatories, (3) over half-a-million pages of documents and a further substantial volume of metadata were produced by both the Parties and third parties, (4) 31 depositions of Parties and third parties were taken, during which approximately 400 exhibits were used, and (5) pursuant to the Hague Evidence Convention and the Court's Order, Class Plaintiffs commenced an action for issuance of Letters Rogatory in Spain in respect to three additional witnesses domiciled in Spain and associated with Tecnicas Reunidas, an engineering firm retained by Horsehead.

On April 9, 2020, Class Plaintiffs moved to certify a class of other similarly situated securities purchasers. The deposition of Class Plaintiffs' expert, Dr. Adam Werner, was taken on May 28, 2020. Defendants opposed this motion on July 23, 2020. The deposition of Defendants' expert, Dr. John Montgomery, was taken on August 14, 2020. Class Plaintiffs filed their reply brief on September 10, 2020. In connection with Class Plaintiffs' Motion for Class Certification, on June 29, 2020, Defendants filed a Motion to Exclude certain opinions included in the expert report of Class Plaintiff's expert economist, Dr. Adam Werner. Class Plaintiffs opposed this motion on August 13, 2020. Defendants filed their reply brief on September 14, 2020. At the time the Parties entered into the Stipulation, the Court had not ruled on either Class Plaintiffs' Motion for Class Certification or Defendants' Motion to Exclude.

In an effort to resolve the Litigation, the Parties engaged the services of Robert Meyer, an experienced mediator affiliated with JAMS, an organization which provides alternative dispute resolution services including mediation. The Parties each prepared and exchanged detailed mediation statements and engaged in a full-day mediation session with Mr. Meyer on June 24, 2020. No settlement was reached at that time. After several more months of continued litigation, the Parties prepared and exchanged supplemental mediation statements and engaged in a second full-day mediation session with Mr. Meyer on October 14, 2020. This second session culminated with Mr. Meyer making a mediator's proposal. On October 15, 2020, the Parties accepted the

mediator's proposal, agreeing to settle the Litigation for fourteen million seven hundred and fifty thousand dollars ($14,750,000), subject to the terms of a Stipulation of Settlement and approval by the Court.

## WHO IS IN THE SETTLEMENT

To see if you will receive payment from this Settlement, you first have to decide if you are a Settlement Class Member.

| 3. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: *all persons or entities who purchased or otherwise acquired, during the Class Period, Horsehead Securities.*

Excluded from the Settlement Class are Defendants, their affiliates, any members of Defendants' immediate families, any entity in which Defendants or a member of their immediate family has controlling interest, and the heirs, successors, and assigns of any excluded party. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

**Please Note**: Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2021.

| 4. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-274-4004 or you can fill out and return the Proof of Claim enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 5. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $14.75 million in cash to be distributed after taxes, fees, and expenses, *pro rata*, to Settlement Class Members who send in or submit a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 6. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Proofs of Claim that Settlement Class Members send in or submit, compared to the amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 7. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim is enclosed with this Notice or it may be downloaded at www. horseheadlitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it and **mail it to the Claims Administrator or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than _____, 2021.** The Proof of Claim may be submitted online at www. horseheadlitigation.com. If not submitted online, the Proof of Claim should be sent to *Horsehead Settlement*, c/o Strategic Claims Services, 600 N. Jackson St, Suite 205, P.O. Box 230, Media, PA 19063; fax: (610) 565-7985; email: claims@horseheadlitigation.com
: .

| 8. | When would I get my payment? |
|---|---|

**The Court has scheduled a Settlement Hearing on _____, 2021, at _____ .m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 9. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you will remain a Settlement Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Related Parties" means each of Defendants' respective heirs, spouses, executors, trustees, personal or legal representatives, estates, administrators, predecessors, successors, or assigns, or any member of their immediate families, marital communities, or any trusts for which any of them are trustees, settlers, or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors.

- "Released Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, ordinance, administrative provision or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate in any way to both: (i) the purchase or acquisition of the securities that are the subject of this Litigation; and (ii) the acts, facts, statements, or omissions that were or could have been alleged by Class Plaintiffs in the Litigation. For avoidance of doubt, this release will apply to all defendants named in any complaint filed in the Litigation, or in any actions consolidated with the Litigation, whether or not they are named as defendants in the Consolidated Amended Complaint, and their Related Parties (i.e., their directors, officers, employees, parents, subsidiaries, agents, assigns, insurers, partners, predecessors, successors, and counsel). "Released Claims" does not include claims to enforce the Settlement. "Released Claims" includes "Unknown Claims" as defined in ¶ 1.42 of the Stipulation of Settlement. Notwithstanding the foregoing, this release does not include any claims relating to the enforcement of the Settlement or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Persons" means the Defendants and their Related Parties.

- "Unknown Claims" means any and all Released Claims which Class Plaintiffs, Plaintiffs' Counsel, or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons and any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her or its favor at the time of the release of the Class Plaintiffs, Plaintiffs' Counsel, or any Class Members, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel or Class Members, or might have affected his, her or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or to the release of the Released Persons, Class Plaintiffs, Plaintiffs' Counsel, or Class Members. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate

- 9 -

and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each of the Settling Parties shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, principle of common law or any provision of foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those which he, she or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Persons, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 10. | How do I opt out of the Settlement Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *Horsehead*

*Settlement*." You **cannot** exclude yourself by telephone or e-mail. Your letter must include your purchases and acquisitions of securities during the Class Period, including the dates, the number of shares of securities purchased or acquired and price paid for each such purchase or acquisition. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request to the Claims Administrator so that it is **postmarked no later than _____, 2021** to:

EXCLUSIONS – Horsehead Settlement
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

Your exclusion request must comply with these requirements in order to be valid. If you ask to be excluded, you will not receive any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue Defendants and the other Released Persons about the Released Claims in the future.

| | |
|---|---|
| **11.** | **If I do not exclude myself, can I sue Defendants and the other Released Persons for the same thing later?** |

No. Unless you exclude yourself, you give up any rights you may potentially have to sue Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is _____, 2021.

| | |
|---|---|
| **12.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But, if you do exclude yourself, you may have the right to potentially sue or be part of a different lawsuit against Defendants and the other Released Persons.

**THE LAWYERS REPRESENTING YOU**

| | |
|---|---|
| **13.** | **Do I have a lawyer in this case?** |

The Court ordered that the law firm Glancy Prongay and Murray LLP represent the Settlement Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| **14.** | **How will the lawyers be paid?** |

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees not to exceed one-third of the Settlement Amount, plus out-of-pocket expenses not to exceed $400,000 in connection with the Litigation, plus interest on such fees and expenses at the same

- 11 -

rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 15. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Settlement Class Member, and do not otherwise exclude yourself from the Settlement Class, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or Class Plaintiffs' request. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement, Plan of Allocation, and/or fee and expense application in the *Horsehead Settlement*. Include your name, mailing address, daytime telephone number, e-mail address, and your signature, identify the date(s), price(s), and number of shares of securities you purchased or acquired during the Class Period and/or sold, and state your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal support for such objection. The reasons for the objection must be stated with specificity, and you must state whether the objection applies only to you, to a subset of the Settlement Class or to the entire Settlement Class. You must also include copies of documents demonstrating such purchase(s), acquisition(s) and/or sale(s). Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than** _____, 2021:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT | GLANCY PRONGAY & | BUCHANAN INGERSOLL |
| United States District Court | MURRAY LLP | & ROONEY PC |
| District of Delaware | Gregory B. Linkh | Stanley Yorsz |
| J. Caleb Boggs Federal Building | 230 Park Avenue, Suite 530 | Gretchen L. Jankowski |
| 844 N King Street | New York, NY 10169 | Union Trust Building |
| Wilmington, DE 19801 | | 501 Grant Street, Suite 200 |
| | | Pittsburgh, PA 15219 |

| 16. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court has scheduled a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| | |
|---|---|
| **17.** | **When and where will the Court decide whether to approve the proposed Settlement?** |

The Court has scheduled a Settlement Hearing at ___.m. ET, on _____, 2021, in the Courtroom of the Honorable Leonard P. Stark at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801. Due to the COVID-19 pandemic, the Court may provide an option for remote attendance of the Settlement Hearing. As the Settlement Hearing approaches, details will be posted at www.horseheadlitigation.com.

At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court may listen to people who have asked to speak at the hearing. The Court may also issue a ruling on Lead Counsel's application for attorneys' fees and expenses (which request may include Class Plaintiffs' application for an amount not to exceed $10,000 each, in connection with their representation of the Settlement Class). After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing, or adjourn the Settlement Hearing, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website www.horseheadlitigation.com beforehand to be sure that the date and/or time has not changed.

| | |
|---|---|
| **18.** | **Do I have to attend the hearing?** |

No. Lead Counsel will answer questions the Court may have. You are welcome, however, to attend at your own expense. If you send an objection, you do not have to attend the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| | |
|---|---|
| **19.** | **May I speak at the hearing?** |

If you object to the Settlement, the Plan of Allocation and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Horsehead Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel (including any award to Class Plaintiffs for their representation of the Settlement Class) and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later**

than <span style="background-color: yellow">      </span>, 2021, and addressed to the Clerk of Court, Lead Counsel and Defendants' counsel at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case, ever again.

## GETTING MORE INFORMATION

| 21. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-274-4004. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement-related papers filed in the Litigation, which are posted on the Settlement website at www. horseheadlitigation.com, and may be inspected at the Office of the Clerk of the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PROPOSED PLAN OF ALLOCATION

The Settlement Amount of $14.75 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and administration expenses, and approved attorneys' fees and expenses and any award to Class Plaintiffs (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Horsehead Securities purchased during the Class Period.

For purposes of formulating the Plan of Allocation and determining the amount an Authorized Claimant may recover under it, Lead Counsel have conferred with their damages consultant.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to

Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted on the Claims Administrator's website, www.horseheadlitigation.com.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share for the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**:

The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that Class Members might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

Accordingly, the calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than or equal to $0.00, the claim per share shall be $0.00.

In order to have recoverable damages, claimants must have purchased or otherwise acquired Horsehead Securities between February 25, 2014 and February 2, 2016, inclusive. Horsehead Securities include common stock (CUSIP #440694305) and notes (CUSIP: #440694AB3, #440694AC1, #440694AE7, #440694AF4 and #440694AG2).

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Funds cash their distribution checks, then any balance remaining in the Net Settlement Funds six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlements; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Funds and in making second distributions, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Funds after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in these Settlements cash their checks, any funds remaining in the Net Settlement Funds shall be donated to a non-sectarian charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

**(I)**   **Recognized Loss for Horsehead common stock (CUSIP #440694305) purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)   For common stock purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)   For common stock purchased or otherwise acquired during the Class Period <u>and sold during the period from February 3, 2016 through May 3, 2016</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table B below.

(C)   For common stock purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on May 3, 2016</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus \$.15[2] per share.

| INFLATION TABLE A | |
|---|---|
| Horsehead Common Stock Purchased During the Class Period | |
| **Period** | **Inflation** |
| February 25, 2014 to May 7, 2015, inclusive | \$6.11 per share |
| May 8, 2015 to July 5, 2015, inclusive | \$4.56 per share |
| July 6, 2015 to September 10, 2015, inclusive | \$2.62 per share |
| September 11, 2015 to September 13, 2015, inclusive | \$2.06 per share |
| September 14, 2015 to November 8, 2015, inclusive | \$1.42 per share |
| November 9, 2015 to January 12, 2016, inclusive | \$1.16 per share |
| January 13, 2016 to February 1, 2016, inclusive | \$.20 per share |
| February 2, 2016 and thereafter | \$.00 per share |

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." \$.15 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on February 3, 2016 and ending on May 3, 2016.

- 16 -

Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 2/3/2016 | $0.06 | $0.06 | 3/21/2016 | $0.13 | $0.17 |
| 2/4/2016 | $0.08 | $0.07 | 3/22/2016 | $0.13 | $0.17 |
| 2/5/2016 | $0.09 | $0.08 | 3/23/2016 | $0.12 | $0.17 |
| 2/8/2016 | $0.09 | $0.08 | 3/24/2016 | $0.12 | $0.16 |
| 2/9/2016 | $0.09 | $0.08 | 3/28/2016 | $0.12 | $0.16 |
| 2/10/2016 | $0.08 | $0.08 | 3/29/2016 | $0.12 | $0.16 |
| 2/11/2016 | $0.08 | $0.08 | 3/30/2016 | $0.15 | $0.16 |
| 2/12/2016 | $0.12 | $0.09 | 3/31/2016 | $0.14 | $0.16 |
| 2/16/2016 | $0.30 | $0.11 | 4/1/2016 | $0.14 | $0.16 |
| 2/17/2016 | $0.20 | $0.12 | 4/4/2016 | $0.14 | $0.16 |
| 2/18/2016 | $0.23 | $0.13 | 4/5/2016 | $0.13 | $0.16 |
| 2/19/2016 | $0.23 | $0.14 | 4/6/2016 | $0.13 | $0.16 |
| 2/22/2016 | $0.26 | $0.15 | 4/7/2016 | $0.13 | $0.16 |
| 2/23/2016 | $0.22 | $0.15 | 4/8/2016 | $0.13 | $0.16 |
| 2/24/2016 | $0.20 | $0.16 | 4/11/2016 | $0.15 | $0.16 |
| 2/25/2016 | $0.17 | $0.16 | 4/12/2016 | $0.14 | $0.16 |
| 2/26/2016 | $0.16 | $0.16 | 4/13/2016 | $0.14 | $0.16 |
| 2/29/2016 | $0.18 | $0.16 | 4/14/2016 | $0.15 | $0.16 |
| 3/1/2016 | $0.21 | $0.16 | 4/15/2016 | $0.13 | $0.16 |
| 3/2/2016 | $0.23 | $0.16 | 4/18/2016 | $0.10 | $0.16 |
| 3/3/2016 | $0.23 | $0.17 | 4/19/2016 | $0.11 | $0.15 |
| 3/4/2016 | $0.22 | $0.17 | 4/20/2016 | $0.10 | $0.15 |
| 3/7/2016 | $0.24 | $0.17 | 4/21/2016 | $0.10 | $0.15 |
| 3/8/2016 | $0.21 | $0.17 | 4/22/2016 | $0.10 | $0.15 |
| 3/9/2016 | $0.18 | $0.17 | 4/25/2016 | $0.10 | $0.15 |
| 3/10/2016 | $0.17 | $0.17 | 4/26/2016 | $0.10 | $0.15 |
| 3/11/2016 | $0.16 | $0.17 | 4/27/2016 | $0.11 | $0.15 |
| 3/14/2016 | $0.16 | $0.17 | 4/28/2016 | $0.11 | $0.15 |
| 3/15/2016 | $0.17 | $0.17 | 4/29/2016 | $0.20 | $0.15 |
| 3/16/2016 | $0.13 | $0.17 | 5/2/2016 | $0.30 | $0.15 |
| 3/17/2016 | $0.12 | $0.17 | 5/3/2016 | $0.25 | $0.15 |
| 3/18/2016 | $0.13 | $0.17 | | | |

- 17 -

(II)   **Recognized Loss for AB3 Notes (CUSIP #440694AB3) purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)   For **AB3 Notes** purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per note will be the *lesser* of: (1) the inflation per note upon purchase (as set forth in Inflation Table C below) less the inflation per note upon sale (as set forth in Inflation Table C below); or (2) the purchase price per note minus the sales price per note.

(B)   For **AB3 Notes** purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on February 2, 2016</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per note upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per note minus $14.27[3] per note.

| INFLATION TABLE C | |
| :--- | :---: |
| AB3 Notes Purchased During the Class Period | |
| **Period** | **Inflation** |
| February 25, 2014 to July 5, 2015, inclusive | $35.58 per note |
| July 6, 2015 to September 10, 2015, inclusive | $26.56 per note |
| September 11, 2015 to September 13, 2015, inclusive | $23.28 per note |
| September 14, 2015 to November 8, 2015, inclusive | $19.52 per note |
| November 9, 2015 to January 12, 2016, inclusive | $16.49 per note |
| January 13, 2016 to February 1, 2016, inclusive | $ 1.05 per note |
| February 2, 2016 and thereafter | $.00 per note |

(III)   **Recognized Loss for AC1 Notes (CUSIP#440694AC1) purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)   For **AC1 Notes** purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per note will be the *lesser* of: (1) the inflation per note upon purchase (as set forth in Inflation Table D below) less the inflation per note upon sale (as set forth in Inflation Table D below); or (2) the purchase price per note minus the sales price per note.

(B)   For **AC1 Notes** purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on February 2, 2016</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per note upon purchase (as set forth in

---

[3] This represents the closing price of AB3 Notes on February 2, 2016, the date the Company filed for Chapter 11 Bankruptcy.

Inflation Table D below); or (2) the purchase price per note minus $56.00[4] per note.

| INFLATION TABLE D | |
| :---: | :---: |
| AC1 Notes Purchased During the Class Period | |
| **Period** | **Inflation** |
| February 25, 2014 to September 10, 2015, inclusive | $17.48 per note |
| September 11, 2015 to September 13, 2015, inclusive | $13.38 per note |
| September 14, 2015 to November 8, 2015, inclusive | $8.68 per note |
| November 9, 2015 to January 12, 2016, inclusive | $5.06 per note |
| January 13, 2016 to February 1, 2016, inclusive | $2.23 per note |
| February 2, 2016 and thereafter | $.00 per note |

(IV)    **Recognized Loss for AE7 (CUSIP #440694AE7) and AF4 (CUSIP #440694AF4) Notes purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)    For **AE7 and AF4 Notes** purchased or otherwise acquired during the Class Period and sold during the Class Period, at a loss and after a corrective disclosure, the Recognized Loss per note will be 30% of the difference between the purchase price per note minus the sales price per note.

(B)    For **AE7 and AF4 Notes** purchased or otherwise acquired during the Class Period and retained as of the close of trading on February 2, 2016, the Recognized Loss per   note will be 30% of the difference between the purchase price per note minus $46.95[5] per note.

(V)    **Recognized Loss for AG2 Notes (CUSIP #440694AG2) purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)    For **AG2 Notes** purchased or otherwise acquired during the Class Period and sold during the Class Period, at a loss and after a corrective disclosure, the Recognized Loss per note will be 30% of the difference between the purchase price per note minus the sales price per note.

(B)    For **AG2 Notes** purchased or otherwise acquired during the Class Period and

---

[4] This is the closing price of AC1 Notes at the end of the Class Period.

[5] This represents the estimated average percentage recovery for Horsehead's Secured Notes at 46.95% under the Debtors' Second Amended Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (the "Chapter 11 Reorganization Plan").

retained as of the close of trading on February 2, 2016, the Recognized Loss per note will be 30% of the difference between the purchase price per note minus $17.35[6] per note.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Horsehead Securities shall not be deemed a purchase, acquisition or sale of securities for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. The date of covering a "short sale" is deemed to be the date of purchase of Horsehead's Securities, and the date of a "short sale" is deemed to be the date of sale of Horsehead's Securities.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Horsehead Securities purchased or otherwise acquired and sold during the Class Period must have been sold at a loss and after a corrective disclosure to qualify as a Recognized Loss. Trading gains, if any, will have a Recognized Loss of $0. No more than 20% of the Net Settlement Fund shall be allocated to pay Recognized Losses for Horsehead notes.

To the extent a Claimant had a trading gain or "broke even" from his, her, or its overall transactions in either Horsehead common stock or Horsehead Notes during the Class Period, the value of the Total Recognized Loss will be zero, and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her, or its overall transactions in either Horsehead common stock or Horsehead Notes during the Class Period, but that trading loss was less than the Total Recognized Loss calculated above, then the Total Recognized Loss shall be limited to the amount of the Claimant's actual trading loss. The calculation of trading losses for Horsehead common stock and Horsehead Notes will be treated separately.

Class Members who do not submit valid Proofs of Claim will not share in the Settlements proceeds. Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgments of the Court dismissing this Action.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulations and the Settlements contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund

---

[6] This represents the estimated average percentage recovery for Horsehead's Unsecured Notes at 17.35% under the Chapter 11 Reorganization Plan.

or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution order entered by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired securities during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address (if an email address is available) of each person or organization for whom or which you purchased or acquired such securities during such time period; (b) request an electronic copy of the Summary Notice and, within seven (7) calendar days after receipt thereof, email the Summary Notice in electronic format to each beneficial owner for whom you are nominee or custodian; or (c) request additional copies of the Postcard Notice , which will be provided to you free of charge, and within seven (7) calendar days, mail the Postcard Notice directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedures (b) or (c), upon such mailing or emailing, you must send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed and retain the names, addresses, and email addresses for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expenses and the cost of ascertaining the names and addresses of beneficial owners, up to a maximum of $0.05 per name, address, and email address provided to the Claims Administrator; up to $0.05 per unit, plus postage at the rate used by the Claims Administrator, for each Postcard Notice actually mailed; or up to $0.05 per email sent. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Horsehead Settlement*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
claims@horseheadlitigation.com
www.horseheadlitigation.com

DATED: _____        BY ORDER OF THE COURT
                          UNITED STATES DISTRICT COURT
                          District of Delaware

- 21 -

# EXHIBIT C/4"

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission: _____ , 2021**

IF YOU PURCHASED SECURITIES OF HORSEHEAD HOLDING CORP. ("HORSEHEAD") BETWEEN FEBRUARY 25, 2014 AND FEBRUARY 2, 2016, INCLUSIVE (THE "CLASS PERIOD") AND WERE PURPORTEDLY DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE SETTLEMENT CLASS ARE DEFENDANTS, THEIR AFFILIATES, ANY MEMBERS OF DEFENDANTS' IMMEDIATE FAMILIES, ANY ENTITY IN WHICH DEFENDANTS OR A MEMBER OF THEIR IMMEDIATE FAMILY HAS CONTROLLING INTEREST, AND THE HEIRS, SUCCESSORS AND ASSIGNS OF ANY EXCLUDED PARTY. ALSO EXCLUDED FROM THE SETTLEMENT CLASS ARE ANY PERSONS OR ENTITIES WHO OR WHICH EXCLUDE THEMSELVES BY SUBMITTING A REQUEST FOR EXCLUSION THAT IS ACCEPTED BY THE COURT.)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EST ON _____, 2021 AT WWW.HORSEHEADLITIGATION.COM.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2021 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

*Horsehead Settlement*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2021 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT, BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

1

## CLAIMANT'S STATEMENT

1.  I (we) purchased Horsehead securities[1] during the Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase Horsehead securities during the Class Period.)

2.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am a (we are) Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of Horsehead securities, and each sale, if any, of such Horsehead securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Horsehead securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) acknowledge that I (we) and my (our) predecessors, successors, agents, representatives, attorneys, and affiliates in their capacities as such, and my (our) heirs, executors, administrators, and assigns in their capacities as such (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, it, he, she or they, and its, his, her or their predecessors, successors, agents, representatives, attorneys, and affiliates in their capacities as

---

[1] The Horsehead securities included in this Settlement are common stock and the following Notes: AB3, AC1, AE7, AF4, and AG2.

such, and its, his, her or their heirs, executors, administrators, and assigns in their capacities as such), shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every Released Claim against the Released Persons, and shall forever be permanently barred and enjoined from the commencement, institution, prosecution, or continuation of any or all of the Released Claims against any of the Released Persons.

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) predecessors, successors, agents, representatives, attorneys, and affiliates, and my (our) heirs, executors, administrators, and assigns in their capacities as such (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, it, he, she or they, and its, his, her or their predecessors, successors, agents, representatives, attorneys, and affiliates, and its, his, her or their heirs, executors, administrators, and assigns, in their capacities as such), to permanently refrain from commencing, instituting, prosecuting, or continuing any or all of the Released Claims against any of the Released Persons.

9. "Action" has the meaning laid out in the Settlement Stipulation.

10. "Court" has the meaning laid out in the Settlement Stipulation.

11. "Defendants" has the meaning laid out in the Settlement Stipulation.

12. "Released Claims" has the meaning laid out in the Settlement Stipulation.

13. "Released Persons" has the meaning laid out in the Settlement Stipulation.

14. "Settlement Stipulation" means the Stipulation and Agreement of Settlement in this Action.

15. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

16. I (We) acknowledge that the inclusion of Unknown Claims in the definition of Released Claims in the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

17. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release Form listing all their transactions, whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.horseheadlitigation.com. to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**I. CLAIMANT INFORMATION**

| Name | | |
|------|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA

☐ Partnership   ☐ Estate   ☐ Trust   ☐ Other (describe:_____)

4

**PART II – SCHEDULE OF TRANSACTIONS IN HORSEHEAD HOLDING CORP. COMMON STOCK**

Please only include information regarding Horsehead common stock (CUSIP: 440694305). Please include proper documentation with your Claim Form as described in detail in the Claimant's Statement, paragraph 5 above.

| | |
|---|---|
| **1. HOLDINGS AS OF FEBRUARY 25, 2014** – State the total number of shares of Horsehead common stock held at the close of trading on February 24, 2014 (must be documented). If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 25, 2014 THROUGH FEBRUARY 2, 2016** – Separately list each and every purchase or acquisition of Horsehead common stock (including free receipts) from February 25, 2014 through February 2, 2016, both dates inclusive, and provide the following information. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM FEBRUARY 3, 2016 THROUGH MAY 3, 2016** – State the total number of shares of Horsehead common stock purchased or acquired (including free receipts) from February 3, 2016 through and including the close of trading on May 3, 2016. If none, write "zero" or "0."[2] _____

**4. SALES FROM FEBRUARY 25, 2014 THROUGH MAY 3, 2016** – Separately list each and every sale or disposition (including free deliveries) of Horsehead common stock from after the opening of trading on February 25, 2014 through the close of trading on May 3, 2016. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

| | |
|---|---|
| **5. HOLDINGS AS OF MAY 3, 2016** – State the total number of shares of Horsehead common stock held as of the close of trading on May 3, 2016. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

---

[2] **Please note**: Information requested with respect to your purchases and acquisitions of Horsehead common stock from February 3, 2016 through and including the close of trading on May 3, 2016 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss under the Plan of Allocation.

## III. SCHEDULE OF TRANSACTIONS IN HORSEHEAD HOLDING NOTES

| **A.   Beginning Holdings** – Separately list all positions in Horsehead notes in which you had an open interest as of the close of trading on February 24, 2014 (*must be documented*). **Horsehead notes include CUSIP: #440694AB3("AB3); #440694AC1 ("AC1"); #440694AE7 ("AE7");    #440694AF4 ("AF4"); and #440694AG2 ("AG2").** | Note Type (AB3, AC1, AE7, AF4, AG2) | Number of Notes Held |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

| **B. Purchases/Acquisitions:** Separately list each and every purchase/acquisition (including free receipts) of Horsehead notes from after the opening of trading on February 25, 2014 through and including the close of trading on February 2, 2016 (*must be documented*): | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Note Type (AB3, AC1, AE7, AF4, AG2) | Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Notes Purchased/ Acquired | Purchase/ Acquisition Price Per Note | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
| | / / | | $ | $ |
| | / / | | $ | $ |
| | / / | | $ | $ |
| | / / | | $ | $ |

| **C.   Sales:** Separately list each and every sale/disposition (including free deliveries) of Horsehead notes from after the opening of trading on February 25, 2014, through and including the close of trading on February 2, 2016 (*must be documented*): | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Note Type (AB3, AC1, AE7, AF4, AG2) | Date of Sale (Month/Day/Year) | Number of Notes Sold | Sale Price Per Note | Total Sale Price (excluding taxes, commissions, and fees) |
| | / / | | $ | $ |
| | / / | | $ | $ |
| | / / | | $ | $ |
| | / / | | $ | $ |

| **D.  Ending Holdings** – Separately list all positions in Horsehead Notes in which you had an open interest as of the close of trading on February 2, 2016 (*must be documented*). | Note Type (AB3, AC1, AE7, AF4, AG2) | Number of Notes Held |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**If additional space is needed to list your transactions/holdings, attach separate numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## IV. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## VI. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the Court, with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Horsehead securities during the Class Period and know of no other person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial
purchaser(s), executor, administrator, trustee, etc.)

☐  Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date:  _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN _____, 2021 AND MUST BE MAILED TO:**

*Horsehead Settlement*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2021 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

- o  Please be sure to sign this Proof of Claim and Release Form on pages 7 and 8.  If this Proof of Claim and Release Form is submitted on behalf of joint Claimants, then each Claimant must sign.
- o  Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.
- o  Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.
- o  If you desire an acknowledgment of receipt of your Proof of Claim and Release Form, please send it Certified Mail, Return Receipt Requested, or its equivalent.
- o  If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# EXHIBIT C/5"

**Glancy Prongay & Murray LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Securities of Horsehead Holding Corp.**

**Wilmington, DE _____, 2021 /PRNewswire/ --** Glancy Prongay & Murray LLP announces that the United States District Court for the District of Delaware has approved the following announcement of a proposed class action settlement that would benefit purchasers of securities of Horsehead Holding Corp. Horsehead Securities include common stock (CUSIP #440694305); 3.8% convertible senior notes (CUSIP #440694AB3); 10.50% senior secured notes (CUSIPs #440694AC1, #440694AE7 and #440694AF4); and 9% senior unsecured notes (CUSIP # 440694AG2).

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**To: All persons and entities who purchased Horsehead Holdings Corp. ("Horsehead") securities (CUSIPs #440694305, #440694AB3, #440694AC1, #440694AE7, #440694AF4 and #440694AG2) during the period from February 25, 2014 through February 2, 2016, both dates inclusive (the "Class Period")[1]:**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Delaware (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

**YOU ARE ALSO NOTIFIED** that Class Plaintiffs in the Action, on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for $14.75 million in cash (the "Settlement"). If approved, the Settlement will resolve all claims in the Action.

A hearing (the "Settlement Hearing") will be held on ___ .m. ET, on _____, 2021, in the Courtroom of the Honorable Leonard P. Stark at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated January 5, 2021 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved. In the event that there are any changes to the

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), available at www.horseheadlitigation.com.

time, date, or method of the Settlement Hearing, such changes will be posted on the Settlement
website at www.horseheadlitigation.com.

If you are a member of the Settlement Class, your rights will be affected by the pending Action
and the Settlement, and you may be entitled to share in the Net Settlement Fund. If you have not
yet received the Notice and Proof of Claim and Release form ("Claim Form"), you may obtain
copies of these documents by contacting the Claims Administrator at: Horsehead Settlement, c/o
Strategic Claims Services, 600 N. Jackson St, Suite 205, P.O. Box 230, Media, PA 19063; fax:
(610) 565-7985; email: claims@horseheadlitigation.com. Copies of the Notice and Claim Form
can also be downloaded from the website maintained by the Claims Administrator,
www.horseheadlitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment from the
Settlement, you must submit a Claim Form to the Claims Administrator postmarked no later than
_____, 2021, or submitted electronically through the online filing system at
www.horseheadlitigation.com no later than 11:59 p.m. EST on _____, 2021. If you are a
Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to
receive a payment from the Settlement, but you will nevertheless be bound by any judgments or
orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement
Class, you must submit a request for exclusion such that it is received no later than _____, 2021,
by the Claims Administrator, in accordance with the instructions set forth in the Notice. If you
properly exclude yourself from the Settlement Class, you will not be bound by any judgments or
orders entered by the Court in the Action and you will not be eligible to receive a payment from
the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's
motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel
and Defendants' Counsel such that they are received no later than _____, 2021, in accordance
with the instructions set forth in the Notice.

Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel
regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility
to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Requests for the Notice and Claim Form should be made to:

Horsehead Settlement
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
claims@horseheadlitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Gregory B. Linkh
230 Park Avenue, Suite 530
New York, NY 10169
Tel: (212) 682-5340

**By Order of the Court**

# EXHIBIT C/6"

Horsehead Settlement
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*Important Notice about a*
*Securities Class Action Settlement*

*You may be entitled to a payment.*

*This Notice may affect your legal*
*rights.*

*Please read it carefully.*

Civil. Action No. 16-292-LPS-CJB (D. Del.)

Case Pending in the United States District
Court for the District of Delaware

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

# EXHIBIT D''''

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE HORSEHEAD HOLDING CORP. SECURITIES LITIGATION | Civil. Action No. 16-292-LPS-CJB<br><br>Consolidated<br>CLASS ACTION |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

On the _____ day of _____, 2021, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated January 5, 2021 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against James M. Hensler and Robert D. Scherich (collectively the "Defendants"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and the Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") (Dkt. No. ___) was mailed to all reasonably identifiable Settlement Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation and in the Notice.

2.      The Court has jurisdiction over the subject matter of the above-captioned action

(the "Action"), Class Plaintiffs, all Settlement Class Members, and the Defendants, including all Settlement Class Members who did not timely file a request for exclusion from the Class by deadline pursuant to the Court's Preliminary Approval Order.

3.      The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Class Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

4.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies the claims in this Action against the Defendants. The Court certifies as the Settlement Class all persons or entities who purchased or otherwise acquired securities of Horsehead Holdings Corp., ("Horsehead") from February 25, 2014 to February 2, 2016 inclusive, and were purportedly damaged thereby. Excluded from the Settlement Class are Defendants, their affiliates, any members of Defendants' immediate families, any entity in which Defendant or a member of their immediate family has controlling interest, and the heirs, successors and assigns of any excluded party. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Class Plaintiffs are

certified as the class representatives, and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class (or "Class Counsel").

6.     The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7.     The Settlement is approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court further finds that there was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Plaintiffs, Class Members and the Defendants, and that the record is sufficiently developed and complete to have enabled the Class

Plaintiffs and the Defendants to have adequately evaluated and considered their positions. Class Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. Upon the satisfaction of these conditions precedent:

      a.      The Action and the Consolidated Amended Complaint will be dismissed with prejudice, and without costs, as to the Defendants;

      b.      Class Plaintiffs and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, will be deemed to have released and forever discharged the Defendants' Released Parties from any and all Released Plaintiffs' Claims. Class Plaintiffs and the Settlement Class Members, and anyone acting or purporting to act for any of them will be permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Plaintiffs' Claims against the Defendants' Released Parties, whether or not such Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund;

      c.      The Defendants and their Released Parties, including any and all of their respective successors in interest or assigns, will be deemed to have released and forever discharged any and all Defendants' Claims against the Class Plaintiffs, any of the Settlement Class Members and any of their counsel, including Class Counsel and any counsel working under Class Counsel's direction; and

      d.      The Defendants' Released Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.      The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

9.      Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

a.      referred to or used against the Released Parties, or any of them, as evidence of wrongdoing by anyone;

b.      construed against the Released Parties, or any of them, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

c.      construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement; or

d.      used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption, or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

10.     The Court retains jurisdiction for matters relating to the Settlement.

11.     Without further order of the Court, Class Plaintiffs and the Defendants may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

12.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

13.     Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of

1995, this Court hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Plaintiffs' Claims, and that insofar as it relates to the Released Plaintiffs' Claims, the Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

14.     The Court GRANTS Lead Counsel's request for attorneys' fees in the cash amount of $_____, as well as reimbursement of reasonable and necessary expenses incurred in the prosecution of the Action in the amount of $_____, together with the interest earned thereon for the same time period and at the rate earned by the Settlement Fund until paid. Said fees shall be allocated among Plaintiffs' Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

15.     The Court hereby GRANTS Class Plaintiffs' reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class in the amount of $_____ each.

16.     Any order approving or modifying the Plan of Allocation, Lead Counsel's application or award of attorneys' fees and expenses, or Class Plaintiffs' application or award for reimbursement of costs and expenses, shall not disturb or affect the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

18.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed (except as set forth in the Stipulation itself) and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

SO ORDERED:

Dated: _____, 2021

_____
U.S.D.J.

7

*In re Horsehead Holding Corp. Securities Litigation,* Civil Action No. 16-292-LPS-CJB (D. Del.)
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.HORSEHEADLITIGATION.COM OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the District of Delaware (the "Court") has preliminarily approved a proposed settlement of claims against Defendants James M. Hensler and Robert D. Scherich. The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made misrepresentations and/or omissions of material fact in various public statements to the investing public concerning the business operations and financial liquidity of Horsehead Holding Corp. ("Horsehead") Defendants deny the allegations.

You received this notice because you may have purchased Horsehead Securities between February 25, 2014 and February 2, 2016, both dates inclusive ("Class Period"), and you may be a Settlement Class Member. Horsehead Securities include common stock (CUSIP #440694305) and notes (CUSIP: #440694AB3, #440694AC1, #440694AE7, #440694AF4 and #440694AG2). The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $14.75 million, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.horsheadlitigation.com. You may also request copies of the Notice and Proof of Claim from the Claims Administrator through any of the following ways: (1) mail: Horsehead Settlement, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Suite 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: claims@horsheadlitigation.com.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.horsheadlitigation.com. PROOFS OF CLAIM ARE DUE BY _____, 2021 TO HORSEHEAD SETTLEMENT, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063, OR ONLINE AT WWW.HORSEHEADLITIGATION.COM BY 11:59 P.M. EST ON _____, 2021. If you do not want to be legally bound by the Settlement, you must exclude yourself by ____ __, 2021. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____ __, 2021. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on _____, 2021 at __:__ __.m. in the Courtroom of the Honorable Leonard P. Stark at the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N King Street, Wilmington, DE 19801to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one-third of the Settlement Fund in attorneys' fees, plus up to $400,000 in expenses, and an Award to three Class Plaintiffs of no more than $10,000 each for litigating the case and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. Due to the COVID-19 pandemic, it is possible that this hearing may be held remotely. For more information, call toll-free 1-866-274-4004, or visit the website www.horsheadlitigation.com.